## SOMMER v. JAMES EVERARD'S BREWERIES.

(Supreme Court, Appellate Term. June 26, 1909.)

1. LANDLORD AND TENANT (§ 7*)—EXISTENCE AND CREATION OF RELATION.
   The conventional relation of landlord and tenant may arise by implication, as well as by express contract.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 17–40; Dec. Dig. § 7.*]

2. LANDLORD AND TENANT (§ 7*)—EXISTENCE AND CREATION OF RELATION—EVIDENCE.
   Payment of rent by a party to the owner of premises is of itself a circumstance from which a tenancy may be implied.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 18; Dec. Dig. § 7.*]

3. LANDLORD AND TENANT (§ 18*)—EXISTENCE AND CREATION OF RELATION—SUFFICIENCY OF EVIDENCE.
   Evidence *held* sufficient to support a finding that the relation of landlord and tenant existed between plaintiff and defendant.
   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 18.*]

Appeal from Municipal Court.

Action by William Sommer against James Everard's Breweries. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

David N. Neuberger, for appellant.

Appell & Taylor, for respondent.

SEABURY, J. This action is brought to recover $495, alleged to be the balance due for rent for the months of October, November, and December, 1908, under a written lease entered into by the plaintiff, as landlord, and the firm of Monahan & Kelly, as tenants, and assigned to the defendant on June 13, 1905, as collateral security for a note and chattel mortgage made by said Monahan & Kelly to the defendant. The lease calls for the payment of rent at the rate of $200, payable in equal monthly payments in advance on the 1st day of each and every month, and the term expired on May 1, 1912. Monahan & Kelly vacated the premises in the latter part of April, 1908, after which one John J. Cryan was in actual possession of the premises. The exact relation existing between the defendant and Cryan does not appear, except that during the time he was in possession of the premises he was purchasing beer from the defendant and had agreed to pay the defendant $25 a week for the use of the liquor license for these premises. In February, 1908, the plaintiff had instituted summary proceedings to dispossess Monahan & Kelly as tenants and the defendant as assignee of the lease. These proceedings were discontinued upon the attorney for the plaintiff and the attorney for the defendant entering into the following stipulation:

"Whereas, proceedings have been taken by the above-named William Sommer for the purpose of dispossessing the above-named Thomas F. Monahan

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and John Kelly, composing the firm of Monahan & Kelly, and James Everard's Breweries, a domestic corporation, as assignee of the lease held by said Monahan and Kelly; and whereas, the back rent, together with some Croton water ·meter. rents ·which are due, amounting in all to the sum of eleven hundred eighty-six dollars ($1,186), have this day been paid by the said James Everard's Breweries: It is hereby stipulated and agreed between the parties hereto that any proceedings brought by and on behalf of said William Sommer against any or either of said parties be and the same are hereby discontinued and dismissed, with the same force and effect as if the said proceedings had never been brought, and all the terms and conditions of the original lease and the renewal thereof, dated April, 1907, be and the same are hereby reinstated.

"Dated New York, Manhattan, March 14, 1908.

"David M. Neuberger,
"Attorney for James Everard's Breweries.
"Appell & Taylor,
"Attorneys for Landlord."

It also appears from the evidence that, when Monahan & Kelly left the premises in March, certain fixtures or chattels remained in the saloon until December 29, 1908, when they were carted away by a truck which had upon it the name of the defendant. After March 1, 1908, neither the plaintiff nor his agent had any key to the premises. After March 1, 1908, it is conceded that the rent of the premises up to October, 1908, was paid by checks of the defendant. Plaintiff served notice upon the defendant to produce these checks at the trial; but only one check was produced, which is dated October 9, 1908, is signed by the defendant, and.is made payable to the order of "William Sommer, for a/c of Jno. J. Cryan." Although this check has upon it, after the name of Sommer, the words "for a/c Jno. J. Cryan," it was testified on behalf of the plaintiff that these words were not upon the check when it was delivered, and that these words were not upon the other checks, which were delivered, but not produced upon the trial.

The question to be determined upon the present appeal is whether upon the facts stated the defendant can be held for the ·rent of the premises for the months of October, November, and December, 1908. The appellant insists that the conventional relation of landlord and tenant was not shown to exist between the plaintiff and the defendant, and seeks a reversal of the judgment upon this ground. While it is necessary, in order to charge the defendant for the rent sued for, to show something more than mere occupancy, yet the conventional relation of landlord and tenant may arise by implication, as well as by express contract. We think that the circumstances proved in this case justify the conclusion reached by the jury that such a relationship existed between the parties.

While the testimony as to the payment of rent was conflicting, it justified the finding that the defendant had paid the rent on its own account, and not on account of John J. Cryan. The payment of this rent by the defendant was itself, standing alone, a circumstance from which a tenancy might be implied. In his work on Landlord and Tenant (volume 1, p. 78, § 31) Justice McAdam said:

"In the absence of any express contract, the relation (as in other cases of contracts) may be implied from the acts of the parties respecting the subject-matter thereof. The payment and receipt of money as rent are themselves

circumstances from which a tenancy may be implied, even when such payment is under an invalid agreement."

This case does not, however, rest upon the naked fact that the defendant paid rent for the premises. There are several other circumstances which were proved, which, taken alone, might not be sufficient to justify the inference of a tenancy, but which, when considered in connection with the payment of rent by the defendant, greatly strengthens this inference and furnishes a foundation sufficient to sustain the judgment rendered. The relation existing between Cryan and the defendant, the assignment of the lease to the defendant, the retention of the keys by the defendant, the defendant's occupancy of the premises by leaving its property there, the stipulation which was entered into upon discontinuing the dispossess proceedings, the requests which were made by the agent of the defendant to the landlord for a reduction of the rent, and the fact that at the defendant's request the landlord sent prospective tenants to the defendant, are all important circumstances, which, when considered in connection with the fact, found upon sufficient evidence, that the defendant paid the rent, not for the account of Cryan, but on its own account, are sufficient to establish by implication the relation of landlord and tenant between the parties.

The judgment is affirmed, with costs. All concur.